NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XINCHUN ZHAO, | No. 16-72865 |
| Petitioner, | Agency No. A089-315-879 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 18, 2019**
San Francisco, California

Before: HAWKINS and M. SMITH, Circuit Judges, and LYNN***, Chief District Judge.

Xinchun Zhao, a native and citizen of China, petitions for review of an order

of the Board of Immigration Appeals ("BIA") dismissing Zhao's appeal from the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

decision of the Immigration Judge ("IJ") denying Zhao's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Zhao's asylum claim was properly denied because substantial evidence supports the IJ and BIA's determination that Zhao did not have an objectively reasonable, well-founded fear of future persecution on account of his involvement with the China Democracy Party ("CDP"). *See Sael v. Ashcroft*, 386 F.3d 922, 924–25 (9th Cir. 2004). Zhao did not establish that the Chinese government knows of his activities with CDP or would persecute him because of them if he returns to China. Because Zhao did not satisfy his burden of proof as to his asylum application, the IJ and BIA properly found as a legal matter that he did not satisfy the higher burden of proof required for withholding of removal. *See Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000).

Zhao's CAT claim was properly denied because substantial evidence supports the IJ and BIA's conclusion that Zhao did not establish that the Chinese government knows about his activities with CDP, much less that it would likely torture him because of them upon removal to China. *See Nuru v. Gonzales*, 404 F.3d 1207, 1217 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED**.